**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Kristy Olympia Davis, Appellant.

Appellate Case No. 2021-001017

———————————

Appeal From Abbeville County
Donald B. Hocker, Circuit Court Judge

———————————

Unpublished Opinion No. 2023-UP-342
Submitted October 1, 2023 – Filed October 25, 2023

———————————

**AFFIRMED**

———————————

Deputy Chief Appellate Defender Wanda H. Carter, of
Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Senior
Assistant Attorney General Mark Reynolds Farthing,
both of Columbia; and Solicitor David Matthew Stumbo,
of Greenwood, all for Respondent.

———————————

**PER CURIAM:** Kristy Olympia Davis appeals her conviction for third-degree
domestic violence and sentence of ninety days' imprisonment. On appeal, Davis
argues the trial court erred by (1) denying her motion for a directed verdict and

finding she and the victim were "household members," pursuant to section 16-25-10(3) of the South Carolina Code (Supp. 2022),[1] when Davis and the victim are the same sex; and (2) commenting on the facts by instructing the jury that a non-married, cohabitating, same-sex couple could be included in the definition of "household member."  We affirm pursuant to Rule 220(b), SCACR.

1. We hold the trial court did not err in denying Davis's motion for a directed verdict and finding the State satisfied the element of domestic violence requiring them to be "household members" pursuant to the Act because our supreme court ruled the definition of "household members" in section 16-25-10 was unconstitutional as applied when it excluded unmarried, cohabitating, same-sex couples from receiving protection from domestic abuse.  *See State v. Zeigler*, 364 S.C. 94, 101, 610 S.E.2d 859, 863 (Ct. App. 2005) ("When ruling on a motion for a directed verdict, the trial court is concerned with the existence or nonexistence of evidence, not its weight."); *id*. at 102, 610 S.E.2d at 863 ("If there is any direct evidence or any substantial circumstantial evidence reasonably tending to prove the guilt of the accused, an appellate court must find the case was properly submitted to the jury."); § 16-25-10(3) (providing a "household member" is "(a) a spouse; (b) a former spouse; (c) persons who have a child in common; or (d) a male and female who are cohabiting or formerly have cohabited"); *Doe,* 421 S.C at 496, 505-09, 808 S.E.2d at 810, 815-17 (finding sections 16-25-10(3) and 20-4-20(b) of the South Carolina Code (Supp. 2022) violated the Equal Protection Clause as applied to Doe because they "treat[] unmarried, same-sex couples who live together or have lived together differently than all other couples").

2. We hold the trial court did not err in instructing the jury the definition of "household member" can include a cohabitating, same-sex couple.  Because the trial court properly charged the correct law as stated in *Doe*, the jury instruction did not constitute a comment on the facts.  *See State v. Mattison*, 388 S.C. 469, 479, 697 S.E.2d 578, 584 (2010) ("An appellate court will not reverse the trial [court]'s decision regarding a jury charge absent an abuse of discretion."); *State v. Adkins*, 353 S.C. 312, 318, 577 S.E.2d 460, 464 (Ct. App. 2003) ("A jury charge is correct if, when the charge is read as a whole, it contains the correct definition and adequately covers the law.").

---

[1] S.C. Code Ann. §§ 16-25-10 to -125 (2015 & Supp. 2022) is known as "The Domestic Violence Reform Act" (the Act).  *See Doe v. State*, 421 S.C. 490, 495, 501, 808 S.E.2d 807, 809, 812 (2017).

**AFFIRMED.**[2]

**THOMAS, KONDUROS, and GEATHERS, JJ., concur.**

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.